IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LINDA SURRATT, Individually And as heir and Legal Representative of the Estate of LESA ANN SURRATT (Deceased),** | § § § § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **BRIAN MCCLARIN, OFFICER DOES NOS. 2-5 CITY OF SHERMAN** | § § § § § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Linda Surratt, individually and as heir and legal representative of the estate of Lesa Ann Surratt and files this Original Complaint and in support respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff Linda Surratt (hereinafter "Plaintiff") is the surviving sister of Lesa Ann Surratt.

2. Defendant Brian McClarin (hereinafter "McClarin") was at all times relevant to this Complaint a police officer for the Sherman Police Department ("SPD"), employed by the City of Sherman, Texas. McClarin was, at all times, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies,

customs and usages of the State of Texas and/or the City of Sherman, Texas. Defendant McClarin may be served with service of process at his place of business located at 317 S. Travis, Sherman, Texas 75090. Defendant McClarin is sued in his individual and official capacity.

3.     Defendant Officer John Doe No. 2 (hereinafter " Officer Doe No. 2") (believed to be Tim Tabor) was at all times relevant to this Complaint a police officer for the Sherman Police Department ("SPD"), employed by the City of Sherman who took part in the events that form the basis of this lawsuit.  Defendant Tim Tabor may be served with service of process at his place of business located at 317 S. Travis, Sherman, Texas 75090. Defendant Officer Doe # 2 is sued in his individual and official capacity.

4.     Officer John Doe No. 3 (hereinafter "Officer Doe No. 3")(believed to be Corporal Hudson) was at all times relevant to this Complaint a police officer for the Sherman Police Department ("SPD"), employed by the City of Sherman who took part in the events that form the basis of this lawsuit. Defendant Corporal Hudson may be served with service of process at his place of business located at 317 S. Travis, Sherman, Texas 75090. Defendant Officer Doe # 3 is sued in his individual and official capacity.

5.      Defendants Officer Does Nos. 4-5 (hereinafter "Does No. 4-5") were at all times relevant to this Complaint police officers for the Sherman Police Department ("SPD"), employed by the City of Sherman. Once Plaintiff has had the opportunity to conduct discovery to learn the officers' identities, Plaintiff will seek leave to amend his Complaint to name the officers and then effectuate service. Defendants Does No. 4-5 are sued in their individual and official capacities.

6.      Defendant City of Sherman is a municipal corporation and political subdivision of the State of Texas. The City may be served with process by serving its City Manager at 220 West Mulberry Street, Sherman, Texas  75090.

## II. JURISDICTION

7.      The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, as this lawsuit arises under the Constitution, laws, or treaties of the United States. Additionally, the Court has pendent jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367(a).

## III. VENUE

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV. INTRODUCTION

9.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and § 1985 for the violations of civil rights, and conspiracy to violate civil rights, and privileges guaranteed Plaintiff by the United States Constitution and under the common law of the State of Texas.

## V. FACTS

10.    During an encounter in August 2013, Defendants Officer John Doe 2 and Officer John Doe 3 used excessive and deadly force upon detainee Lesa Surratt (Surratt) that was completely unwarranted and unnecessary. Once it became apparent that Lesa Surratt was in mortal danger of death due to the actions of Officer Does 2 and 3, Defendant McClarin and defendants Officer Doe 2-5 denied and delayed medical care to Lesa Surratt, resulting in her eventual death. In an effort to cover up their use of excessive force, Defendants McClarin and Defendants 2-5, covered up their actions by removing witnesses from the scene and ordering a witness to cease videotaping the encounter.   All Defendants were complicit in that each allowed or contributed to the violation of Plaintiff's civil rights by their actions or lack thereof.

11.    On or about August 20, 2013, Officers Doe 2 and Officer Doe 3, of the Sherman Police Department stopped Lesa Surratt's vehicle in Sherman, Texas for the purported traffic violation of failing to signal a lane change.  The stop occurred

near the intersection of Hazelwood and Cherry Street in Sherman, Texas. In the vehicle with Surrat was Monica Garza.

12.     Doe 2 had Surratt exit her vehicle and arrested her for an alleged traffic violation.  He placed Surratt in the rear of his patrol car without searching her or requesting a female officer to search her.

13.     Doe 3 assisted Doe 2 at the scene and placed her passenger Monica Garza ("Garza") in investigative detention.  Garza was placed in the rear of Doe 2's patrol vehicle with Surratt.

14.     Officer McClarin was at the scene as a narcotics officer who had directed the stop believing that Garza and Surratt had purchased narcotics prior to the stop.

15.     While in the rear of the vehicle, Surratt removed a small amount of cocaine from her person and began swallowing it.  Garza observed these actions.

16.     Doe 2 realized this and climbed in the back seat, across the body of Garza, and began striking Surratt with open fist and then his flashlight to get her to spit up the cocaine.  When this was not successful, Doe 2 placed the flashlight diagonally against the right side of Surratt's neck and pushed down, choking Surratt with the flashlight until she lost consciousness.

17.     Doe 2 and Doe 3 removed Surratt from the vehicle. On the ground, Officer McClarin gave the order to "tase the bitch." McClarin and Does 2-3 then began hitting Surratt with open hands and flashlights.  One of the officers tased Surratt

upon the orders of McClarin. Surratt had lost consciousness as a result of this continuous excessive and deadly force, including being choked with the flashlight in the vehicle.

18.     Officer Does 4-5 arrived and began intimidated and removing witnesses from the scene of the civil rights violation.  They told a witness videotaping the encounter to put away his video phone and go home.

19.     Surratt lay on the ground for 20 minutes or more convulsing in seizures before any of Defendants called for an EMT.  She was in obvious need of medical treatment from the time she was removed from the patrol car.  She was allowed by the officers to continue to deteriorate to the point of being brain dead.

20.     Surratt was taken to Texas Presbyterian Hospital – Wilson N Jones, where she was found to be brain dead and could no longer sustain life outside of life support and a vegetative state.   On or about September 2, 2013, Ms. Surratt was removed from life support and declared dead. Law enforcement came to the hospital and ensured that the doctors were told their narrative (falsely provided by officers at the scene) of the events to influence medical findings, and these findings were forwarded to influence the autopsy.

21.     Surratt's autopsy was conducted and she was found to have died as a result of asphyxiation.

22.     Counsel for Ms. Surratt submitted a public information act request for the police report and video of this incident from SPD after SPD refused to release the report and video. On October 15, 2013, the City of Sherman submitted a request to the Attorney General of Texas in an attempt to not release the information. On December 19, 2013, the Attorney General subsequently found that the City Attorney should release a summary of the basic information of the incident to Counsel for Ms. Surratt. Despite repeated requests, the City Attorney has refused to comply with the Attorney General's ruling and thus the specific names of the officers involved are not named at this time and discovery will be necessary. Because of a likely claim of absolute immunity, the City Attorney, Brandon Shelton, is not being named as a defendant in this case despite his complicity in the continued conspiracy to cover up this incident.  These actions, however, further show the city's liability as an entity and their reckless disregard of the potential for Civil Rights violations by SPD officers.

### VI. CAUSES OF ACTION UNDER 42 U.S.C. § 1983

#### A. Excessive Force

23.     Paragraphs 1-22 set forth above are incorporated herein by reference.

24.     The use of excessive force by Does 2 & 3, under the direction of McClarin, was an unreasonable physical seizure of Plaintiff under the Fourth Amendment of the United States Constitution. Their use of excessive force was not objectively

reasonable under the totality of the circumstances, and the force they used against Surratt was applied intentionally and maliciously to cause harm to her. The force used was completely unwarranted and unjustified for all the reasons set forth above.

25. As a direct result of Defendants illegal conduct, Lesa Surratt suffered physical and mental/emotional injuries and death. She was deprived of her constitutional rights, and was damaged accordingly. The excessive force violated her rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 and 1985. Linda Surratt has been deprived of her sister by the actions of these officers and has also suffered mental and emotional injuries as a result of the officers actions.

### B. Violation of Right to Due Process –Duty to Protect Pretrial Detainees

26. Paragraphs 1-25 above are incorporated herein by reference.

27. All Defendants violated Lesa Surrat's right to due process because they failed to protect her as a pretrial detainee. State actors have due process affirmative duty of protection of pretrial detainees. *Youngberg v. Romeo*, 457 U.S. 307 (1982) (The State has an affirmative duty to provide basic essentials – adequate food, shelter, clothing and medical care – to persons held involuntarily. It also has an affirmative duty to ensure the safety for all persons so held.); *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239 (1983) (State has a duty to provide

basic medical care to detainees). Failure to train employees to properly handle pretrial detainees is also actionable pursuant to *City of Canton, Ohio v. Harris,* 489 U.S. 378 (1984) ("it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.")

28. All Defendants violated the due process rights of Lesa Surratt when they failed to make competent efforts to rescue her and get her medical attention when on notice that she was in need of medical attention and was dying. Defendants acted with deliberate indifference towards her Constitutional rights and the injuries that would result from their actions. Because Defendants disregarded Surrat's need for medical care from the time it was obvious she was in need, she went into asphyxiation and eventually died as a result of the lack of immediate medical attention.

### C. Conspiracy to Deprive Plaintiff of Her Constitutional Rights

29. Paragraphs 1 – 28 set forth above are incorporated herein by reference.

30. All Defendants entered a conspiracy to deprive Surratt of her rights against excessive force and against her protection as a pretrial detainee by acting in concert to carry out the excessive force and deny protection as a pretrial detainee, and

subsequently to cover-up the truth of what happened that day. These Defendants are liable to Plaintiff for their violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983.

31. Defendants actively participated in the conspiracy to violate Surratt's constitutional rights when they obstructed justice and concealed evidence by causing a cell phone video camera to be turned off, despite the fact that there was no justifiable reason to do so. The video camera in question had an unobstructed view of the scene and events and would have captured all events in their entirety, including any planting of a bag in Surratt's throat to hide the true cause of her death.

32. The conspiracy involved state action, as Defendants acted under color of the statutes, customs, ordinances, and usage of the State of Texas and the City of Dallas.

33. As a direct result of the conspiracy, Surratt suffered physical and mental/emotional injuries and death, and she was deprived of his constitutional rights, all to his damage.

### D. Deprivation of Reasonable Medical Care

34. Paragraphs 1 – 33 set forth above are incorporated herein by reference.

35. During the course of events on or about August 20, 2013, Lesa Surratt was in need of immediate medical care which would have been reasonable under the

circumstances present. Ms. Surratt was a pretrial detainee and was entitled to the immediate medical care under the Fourteenth Amendment of the United States Constitution. By denying initially, and later delaying medical care, Lesa Surratt lost her life because of the actions of Officer McClarin and Officer Does 2-5 in violation of the protections afforded under the Fourteenth Amendment.

### E. Cause of Action against the City

36. Paragraphs 1 – 35 set forth above are incorporated herein by reference.

37. At the time of the events described above, the individual Defendants were acting under color of the laws and regulations of the State of Texas and the SPD and in the course and scope of their employment for the City of Sherman. The SPD had a policy or custom of tolerating the use of excessive force by its police officers, as demonstrated by the participation of a group of police officers in Plaintiff's choking, beating and death; the pattern of prior similar incidents of abusive police conduct involving Defendants; the inadequacy of investigations into incidents of alleged excessive force; the lack of discipline for incidents of excessive force; and the lack of supervision and reporting procedures to monitor the use of force by police officers.

38. A recent pattern of similar incidents of abusive police conduct is present in the SPD. Despite complaints, the City tolerates an inadequate and failing system for responding to these allegations that allows Sherman police officers to escape

investigation and discipline for their misconduct. The City's police department tasks the Internal Affairs Division ("IAD") or a local Texas Ranger with investigating excessive force complaints made against SPD police officers. This investigation and discipline process is inadequate, and shows a reckless disregard of the rights of civil rights abuses in the community.

39. For example, on March 27, 2013, a Sherman police officer used deadly force against a citizen without provocation or justification by shooting the citizen twice causing life threatening injuries. No remedial action was taken to remedy the unlawful use of deadly force within the Police Department of the City of Sherman and a similar set of actions were taken in that incident to cover up the facts of what occurred.

40. Regarding her official capacity claims, Plaintiff would show that the City of Sherman, Texas ("the City") is liable as an entity and also as a supervisor of all Defendants for their actions in this case because (1) the City either failed to supervise or train all Defendants; (2) a causal link exists between the failure to train or supervise and the violation of Surratt's constitutional rights; and (3) the failure to train or supervise amounted to deliberate indifference under the facts of this case. The City was aware of facts from which the inference was drawn that a substantial risk of serious harm existed. Plaintiff will demonstrate previous excessive force violations by Defendants. This, and other evidence of excessive

force or propensity for constitutional violations, demonstrated the inadequacy of training and supervision was both obvious and obviously likely to result in constitutional violation. Defendants and the State of Texas went out of their way to cover up the illegality of these actions toward Surratt. The lack of supervision and training amounts not only deliberate indifference of Plaintiff and others' constitutional rights but the intentional cover-up of violations show that the City is liable for these constitutional violations under section 1983.

## Pendent State Claims

### F. Wrongful Death

41. Paragraphs 1 – 40 set forth above are incorporated herein by reference.

42. Plaintiff additionally brings a claim against Defendants McClarin and Officer Doe 2-5 in their individual capacity for wrongfully caused the death of Lesa Surratt by choking her, beating her and using other excessive force, and also by failing to obtain necessary medical attention for Surratt.

### G. Intentional Infliction of Emotional Distress

43. Paragraphs 1 – 42 set forth above are incorporated herein by reference.

44. Plaintiff additionally brings a claim against Defendants McClarin and Officer Doe 2-5 in their individual capacities for intentional infliction of emotional distress. Plaintiff would show that Defendants acted intentionally, knowingly or recklessly, 2) their conduct against Surratt was extreme and outrageous, 3) their

actions caused her emotional distress, and 4) the emotional distress suffered by Surratt was severe.

### H. Assault and Battery

45. Paragraphs 1 – 44 set forth above are incorporated herein by reference.

46. Plaintiff also brings suit against Defendants McClarin and Officer Doe 2-5 in their individual capacities for assault and battery. Assault occurs when a person knowingly, intentionally or recklessly causes bodily injury to another. *Thomas v. Holder,* 836 S.W.2d 351, 353 (Tex. App.--Tyler 1992, no writ). In this case, Defendants knowingly, intentionally or recklessly caused bodily injury to Surratt when they choked her, beat her, and tased her, which caused her death.

### I. Breach of Fiduciary Duty

47. Paragraphs 1 – 46 set forth above are incorporated herein by reference.

48. Plaintiff also brings suit against Defendants in their individual capacities for breach of fiduciary duty. Defendants had a fiduciary duty to Surratt to protect her health in their relationship as holding him in their custody; defendants breached their fiduciary duty to Surratt when they choked her, beat her, and tased her, and failed to call for medical attention.

### VIII. DAMAGES

49. As a direct and proximate result of the acts and omissions outlined above, Plaintiff was severely damaged and died as a result of Defendants' actions.

50.     Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate him for the physical and emotional damages to Surratt and her death.

51.     Plaintiff also seeks exemplary damages against Defendants.

52.     Plaintiff has retained the services of the undersigned attorney, and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## IX. JURY DEMAND

73. Plaintiff respectfully requests trial by jury.

# X. PRAYER

For these reasons, Plaintiff seeks a judgment against Defendants for:

a. compensatory and actual damages in an amount deemed sufficient by the trier of fact;

b. exemplary damages;

c. attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;

d. costs of court; and

e. interest allowed by law for prejudgment or post-judgment interest.

Respectfully submitted,

____*Don Bailey*_____
Attorney for the Plantiff
Donbailey46@hotmail.com
SBN 01520480
309 N. Willow
Sherman, Texas 75090
903-892-9185
Fax 903-891-8304


____*Micah Belden*_____
Attorney for the Plantiff
micahbelden@hotmail.com
SBN 24044294
711 N. Travis
Sherman, Texas 75090
903-744-4252

*Attorneys for Linda Surratt,
Individually and as Legal Representative
Of Lesa Surratt, deceased*