IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LINDA SURRATT, Individually and as Heir and Legal Representative of the Estate of LESA ANN SURRATT, <br>     Plaintiff, <br><br> V. <br><br> BRIAN MCCLARAN, INCORRECTLY SUED AS BRIAN MCCLARIN, OFFICER DOES NOS. 2-5, AND CITY OF SHERMAN, TEXAS, <br>     Defendants. | § § § § § § § § § § § § § | CASE NO.  4:14-cv-00338 |

### DEFENDANTS' ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS DISTRICT COURT:

NOW COME Defendants, Brian McClaran, incorrectly sued as Brian McClarin (sic), Officer Does Nos. 2 – 5 ("Officers"), and the City of Sherman, Texas ("City"), and in response to Plaintiff's Original Complaint ("Complaint") now file this their Original Answer, Affirmative Defenses, and Jury Demand, and for same respectfully show this Court as follows:

### I. PARTIES

1.  Defendants have insufficient personal knowledge and information as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore deny same and demand strict proof thereof.

2.  Defendants admit that Defendant McClaran is a Detective for the City's Police Department. Defendants further admit that Plaintiff sues McClaran in his individual and official capacities, but specifically deny that Plaintiff may pursue an official capacity claim against

McClaran given the U.S. Supreme Court ruling in *Kentucky v. Graham, 473 U.S. 159 (1985)*, and the Fifth Circuit's ruling in *Turner v. Houma Mun. Fire and Police Civil Serv. Bd., 229 F. 3d 478, 483 (5th Cir. 2000)*. Further answering, Defendants admit that Detective McClaran acted at all times in good faith in the discretionary discharge of his official duties as a law enforcement officer and that he acted at all times objectively reasonably herein. Defendants deny any remaining allegations contained in paragraph 2 of the Complaint and state Detective McClaran can only be served with process as allowed by law.

3. Defendants deny that Sherman employs a "Tim Tabor", but admit that Plaintiff sues Officer "John Doe No. 2" in his individual and official capacities, and deny that Plaintiff may pursue an official capacity claim against said Officer. Further answering, Defendants admit that Officer John Doe No. 2 acted at all times in good faith in the discretionary discharge of his official duties as a law enforcement officer and that he acted at all times objectively reasonably herein. Defendants deny any remaining allegations contained in paragraph 3 of the Complaint and state that Officer John Doe No. 2 can only be served with process as allowed by law.

4. Defendants deny that Sherman employs a "Corporal Hudson" involved herein but admit that Plaintiff sues "Officer John Doe No. 3" in his individual and official capacities, and deny that Plaintiff may pursue an official capacity claim against said Officer. Further answering, Defendants admit that Officer John Doe No. 3 acted at all times in good faith in the discretionary discharge of his official duties as a law enforcement officer and that he acted at all times objectively reasonably herein. Defendants deny any remaining allegations contained in paragraph 4 of the Complaint and state that Officer John Doe No. 3 can only be served with process as allowed by law.

5. Defendants admit that Plaintiff sues "Officer John Does Nos. 4 – 5" in their individual and official capacities, and deny that Plaintiff may pursue any official capacity claims against said Officers. Further answering, Defendants admit that Officer John Does Nos. 4 – 5 acted at all times in good faith in the discretionary discharge of their official duties as law enforcement officers and that they acted at all times objectively reasonably herein. Defendants deny any remaining allegations contained in paragraph 5 of the Complaint and state that Officer John Does Nos. 4 – 5 can only be served with process as allowed by law. Further answering, Defendants note that this Court will determine what discovery and pleading amendments are permitted, and not Plaintiff.

6. Defendants admit that the City is a municipality of the State of Texas. Further answering, Defendant admits that the City can only be served with process as provided and allowed by law.

## II. JURISDICTION

7. Defendants admit that this Court has jurisdiction over the federal statutory claims in Plaintiff's Original Complaint but, further answering, Defendants specifically deny that Plaintiff is entitled to any relief whatsoever pursuant to Plaintiff's allegations. Defendants further deny that this Court should exercise supplemental or pendent jurisdiction over the state law claims in Plaintiff's Original Complaint and deny such claims are properly before this Court. Further answering, Defendants specifically deny that Plaintiff is entitled to any relief whatsoever pursuant to any of Plaintiff's allegations herein.

### III. VENUE

8. Defendants admit that venue is proper in this Court but deny Plaintiff has stated any viable claim or cause of action for damages against these Defendants for which relief can be granted herein.

### IV. INTRODUCTION

9. Defendants admit that Plaintiff brings suit for money damages pursuant to 42 U.S.C. § 1983 and § 1985 for an alleged violation of civil rights, and alleged conspiracy to violate civil rights and privileges under the United States Constitution and Texas common law, but deny specifically that Plaintiff is entitled to any relief whatsoever under each or any of said claims or under any other law or theory whatsoever under the allegations herein. Further answering, Defendants deny all remaining allegations in paragraph 9 of the Complaint.

### V. FACTS (sic)
**(Defendants deny that the allegations made by Plaintiff are accurately characterized as "facts" other than as expressly admitted herein.)**

10. Defendants deny all allegations in paragraph 10 of the Complaint, and each of them.

11. Defendants admit they had probable cause to stop Lesa Surratt's vehicle on Hazelwood Street and admit that she in fact committed a traffic violation, by signaling one way and turning the other, and admit Monica Garza was with Lesa Surratt. Further answering, Defendants deny all remaining allegations in paragraph 11 of the Complaint.

12. Defendants admit Lesa Surratt was arrested, and deny all remaining allegations in paragraph 12 of the Complaint.

13. Defendants admit Monica Garza was arrested and placed in the police vehicle with Lesa Surratt, but deny all remaining allegations in paragraph 13 of the Complaint.

14. Defendants admit Detective McClaran at some point arrived on the scene and deny all remaining allegations in paragraph 14 of the Complaint.

15. Defendants admit Lesa Surratt intentionally swallowed a large plastic bag with cocaine in it that she had previously hidden on her person and in Garza's presence, and deny all remaining allegations in paragraph 15 of the Complaint.

16. Defendants deny all allegations in paragraph 16 of the Complaint, and each of them.

17. Defendants deny all allegations in paragraph 17 of the Complaint, and each of them, deny a taser was ever used on Lesa Surratt, and specifically reserve their rights to seek sanctions against Plaintiff for false pleadings. Further answering, Defendants assert that Lesa Surratt lost consciousness as a result of intentionally swallowing a large plastic bag that had cocaine in it.

18. Defendants deny all allegations in paragraph 18 of the Complaint, and each of them.

19. Defendants deny all allegations in paragraph 19 of the Complaint, and each of them, and state that medical assistance was immediate.

20. Defendants admit Lesa Surratt was taken to the hospital and later died, and deny all remaining allegations in paragraph 20 of the Complaint, and specifically reserve their right to seek sanctions for the false allegations by Plaintiff therein.

21. Defendants admit that the autopsy report found Lesa Surratt's cause of death to be "as a result of complications of asphyxia due to airway obstruction by plastic bag", and deny all other allegations in paragraph 21 of the Complaint.

22. Defendants deny all mischaracterizations and allegations in paragraph 22 of the Complaint and note that the City could not compromise the ongoing Texas Rangers investigation and the Attorney General agreed. However, now that the investigation is concluded, it is Plaintiff and her attorney who will not allow release of the subject video though the Attorney General's Office is presently considering release.

## VI. CAUSES OF ACTION UNDER 42 U.S.C. § 1983
### (Defendants Deny Any Basis For Any Such Claims)

(Defendants admit that Plaintiff brings federal claims for relief and damages but specifically deny that Plaintiff is entitled to any relief whatsoever.)

### A. Excessive Force
### (Defendants Deny Any Basis For Such Claims)

23. Defendants admit that Plaintiff incorporates paragraphs 1-22 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 22, inclusive, by reference as if fully set forth herein.

24. Defendants deny all allegations in paragraph 24 of the Complaint, and each of them.

25. Defendants deny all allegations in paragraph 25 of the Complaint, and each of them.

### B. Violation of Right to Due Process – Duty to Protect Pretrial Detainees
### (Defendants Deny Any Basis For Such Claims)

26. Defendants admit that Plaintiff incorporates paragraphs 1 – 25 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 25, inclusive, by reference as if fully set forth herein.

27. Defendants deny all allegations and/or erroneous legal conclusions in paragraph 27 of the Complaint.

28. Defendants deny all allegations and/or erroneous legal conclusions in paragraph 28 of the Complaint.

### C. Conspiracy to Deprive Plaintiff of Her Constitutional Rights
### (Defendants Deny Any Basis For Such Claims)

29. Defendants admit that Plaintiff incorporates paragraphs 1 – 28 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 28, inclusive, by reference as if fully set forth herein.

30. Defendants deny all allegations and/or erroneous legal conclusions in paragraph 30 of the Complaint.

31. Defendants deny all allegations in paragraph 31 of the Complaint, and assert that as the evidence at issue shows Lesa Surratt intentionally placing a plastic bag with cocaine in her own mouth, Defendants will reserve their right to seek sanctions against Plaintiff for the false allegations that Defendants "planted" a bag in her throat.

32. Defendants deny all allegations in paragraph 32 of the Complaint.

33. Defendants deny all allegations in paragraph 33 of the Complaint and, further answering, do not understand the allegations describing how "she" was deprived of "his" rights.

### D. Deprivation of Reasonable Medical Care
### (Defendants Deny Any Basis For Such Claims)

34. Defendants admit that Plaintiff incorporates paragraphs 1 – 33 by reference, and Defendants incorporate their responses to paragraphs 1 through 33, inclusive, by reference as if fully set forth herein.

35. Defendants admit Lesa Surratt needed and received immediate medical care and deny all remaining allegations and erroneous legal conclusions in paragraph 35 of the Complaint.

### E. Cause of Action Against the City
### (Defendants Deny Any Basis For Such Claims)

36. Defendants admit that Plaintiff incorporates paragraphs 1 – 35 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 35, inclusive, by reference as if fully set forth herein.

37. Defendants admit they at all times acted in good faith in their discretionary discharge of official law enforcement duties and that they acted at all times objectively reasonably herein. Further answering, Defendants deny all remaining allegations in paragraph 37 of the Complaint.

38. Defendants deny all allegations in paragraph 38 of the Complaint.

39. Defendants deny all allegations in paragraph 39 of the Complaint.

40. Defendants deny all allegations and erroneous legal conclusions in paragraph 40 of the Complaint.

## Pendent State Claims

(Defendants admit that Plaintiff brings state law claims for relief and damages but specifically deny that Plaintiff is entitled to any relief whatsoever under such theories or any other theories.)

### F. Wrongful Death
### (Defendants Deny Any Basis For Such Claims)

41. Defendants admit that Plaintiff incorporates paragraphs 1 – 40 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 40, inclusive, by reference as if fully set forth herein.

42. Defendants deny all allegations in paragraph 42 of the Complaint.

### G. Intentional Infliction of Emotional Distress
### (Defendants Deny Any Basis For Such Claims)

43. Defendants admit that Plaintiff incorporates paragraphs 1 – 42 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 42, inclusive, by reference as if fully set forth herein.

44. Defendants deny all allegations in paragraph 44 of the Complaint.

### H. Assault and Battery
### (Defendants Deny Any Basis For Such Claims)

45. Defendants admit that Plaintiff incorporates paragraphs 1 – 44 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 44, inclusive, by reference as if fully set forth herein.

46. Defendants deny all allegations and the erroneous legal conclusions in paragraph 46 of the Complaint.

### I. Breach of Fiduciary Duty
### (Defendants Deny Any Basis For Such Claims)

47.     Defendants admit that Plaintiff incorporates paragraphs 1 – 46 by reference, and Defendants reassert and incorporate their responses to paragraphs 1 through 46, inclusive, by reference as if fully set forth herein.

48.     Defendants deny all allegations in paragraph 48 of the Complaint, and also deny the erroneous legal conclusions therein.

### VIII. (SIC, VII.) DAMAGES

**(Defendants deny that Plaintiff has suffered, or is entitled to, any damages or other relief of any nature as a proximate result of any acts or omissions of these Defendants.)**

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants admit that Plaintiff seeks compensatory damages, but Defendants deny that Plaintiff is entitled to a recovery of compensatory or any other damages herein. Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51.     Defendants admit that Plaintiff seeks exemplary damages, but Defendants deny that Plaintiff is entitled to a recovery of exemplary or any other damages of any nature herein.

52.     Defendants admit that Plaintiff seeks a recovery of attorney's fees, but Defendants deny that Plaintiff is entitled to a recovery of any attorney's fees.  Defendants deny the remaining allegations in paragraph 52 of the Complaint.

### IX. (SIC, VIII.) JURY DEMAND

"73" (sic, 53.) Defendants admit that Plaintiff requests a trial by jury, but Defendants specifically deny that Plaintiff states any actionable claim upon which relief can be granted and

which can be tried by a jury, and Defendants further specifically deny that Plaintiff is entitled to any relief of any nature under the allegations in this matter.

## X. (SIC, IX.) PRAYER

Defendants deny that Plaintiff is entitled to any of the relief she seeks in the Prayer immediately following paragraph 73 (sic, 53) of the Complaint, and each or any of subparagraphs (a) through (e) therein, or by virtue of any allegation of fact, opinion or erroneous legal conclusion set forth in Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief or damages of any nature whatsoever, including, but without limitation, any of the relief sought singly or in any combination of items (a) through (e) identified in the Prayer set forth in the Complaint, including, but without limitation, any compensatory or actual damages, exemplary damages, attorney's fees, costs, pre- or post-judgment interest, or any other type of relief of any nature whatsoever.

## ADDITIONAL DENIAL

To the extent these Defendants have not expressly admitted any of the allegations contained in the Complaint, Defendants hereby deny those allegations and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

These Defendants, in whatever capacity sued, hereby set forth and assert the following affirmative defenses, pleading in the alternative and without limitation, and pleading only if such defenses be necessary, as all liability is denied.

### A.

Plaintiff's Complaint fails to state any actionable claim or cause of action against each or any of the Defendants, in any capacity sued, upon which relief can be granted under any

provision of the United States Constitution, including, but without limitation, under the Fourth, Fifth, and/or Fourteenth Amendments, under 42 U.S.C. § 1983, 42 U.S.C. § 1988, under the Texas Constitution, under state law, under the common law, or under any other statute or legal theory of any nature whatsoever.

**B.**

Pleading in the alternative, as all liability is denied, no custom, policy, procedure, or practice attributable to any policymaker for the City of Sherman caused Plaintiff or Lesa Ann Surratt to be deprived of any federally protected right, or any rights under state law, and Plaintiff has no legal basis upon which relief may be granted against said City, and the law does not permit "respondeat superior" liability as to Section 1983 allegations.

**C.**

Pleading in the alternative, as all liability is denied, any attorney's fees and litigation expenses or related costs incurred herein by Plaintiff were proximately caused and exacerbated solely by the acts of Plaintiff and her counsel.

**D.**

Pleading in the alternative, as all liability is denied, Plaintiff has entirely failed to mitigate damages, if any have actually been incurred, which is denied, and any damages, if any, were proximately caused by Plaintiff's or Lesa Ann Surratt's own wrongful, intentional and/or criminal acts or omissions.

**E.**

Pleading in the alternative, as all liability is denied, Defendants are entitled to, and hereby do assert, any and all privileges, immunities, damage caps and limitations provided under Texas law which may apply herein, including, but not limited to, the limitations set forth in the Texas

Civil Practice & Remedies Code, as well as the limitations in Sections 101.023, 101.024, 101.055, 101.057 and 101.106 of the Texas Tort Claims Act.

**F.**

Pleading in the alternative, as all liability is denied, Defendants assert that Plaintiff's claims for exemplary damages are legally deficient, barred by law, including Section 101.024 of the Texas Tort Claims Act, unsupported by factual allegations, violate the due process clause of the United States Constitution and the Texas Constitution, and/or violate the Texas Constitution's excessive fines clause.

**G.**

Pleading in the alternative, as all liability is denied, Defendant McClaran and Officer Does Nos. 2 – 5 at all relevant times were each acting objectively reasonably, and in the good faith exercise and the good faith discharge of their respective official duties and discretion in the course and scope of their employment for the City and its Police Department, and therefore said Defendants are each entitled to qualified immunity which bars both suit and liability against them, and each are also entitled to, and hereby assert, application of the defense of official immunity under state law.

**H.**

Pleading in the alternative, as all liability is denied, Defendants assert the statutory defenses set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff's or Lesa Ann Surratt's alleged medical and/or health care expenses, if any, exceed the amount actually paid, or incurred by, or on behalf of Plaintiff or Lesa Ann Surratt.

**I.**

Pleading in the alternative, as all liability is denied, Plaintiff is estopped from pursuing

any of the causes of action herein by virtue of her or Lesa Ann Surratt's own criminal, wrongful, negligent and/or intentional acts and omissions and unclean hands in regard to the underlying events at issue herein, particularly, but without limitation, by virtue of Lesa Ann Surratt's intentional criminal behavior, by Lesa Ann Surratt's intentional placement of a large plastic bag with cocaine in it in her mouth and intentional attempt to swallow said bag, thereby blocking her airway and leading to her death, and by her multiple failures to comply with the lawful commands of law enforcement officers, and her related intentional conduct.

## J.

Pleading in the alternative, as all liability is denied, Plaintiff's "official" capacity claims are subject to dismissal and barred by *Kentucky v. Graham, 473 U.S. 159 (1985),* as applied by the Fifth Circuit's ruling in *Turner v. Houma Mun. Fire and Police Civil Serv. Bd., 229 F. 3d 478, 483 (5th Cir. 2000)*, and related legal authority.

## K.

Pleading in the alternative, as all liability is denied, Defendants have been investigated and cleared of any wrongdoing by the Texas Rangers and also by a Grayson County Grand Jury, and all actions taken by Defendants were lawful, reasonable, in good faith, and in an effort to save the life of Lesa Ann Surratt.

## EXPRESS RESERVATION

Defendants expressly reserve their rights to assert additional defenses as future case developments or discovery may warrant.

## JURY DEMAND

Defendants respectfully demand a trial by jury, as is their right, if one is necessary.

WHEREFORE, PREMISES CONSIDERED, Defendants Brian McClaran, incorrectly sued as Brian McClarin, Officer Does Nos. 2 – 5, and the City of Sherman, respectfully request that Plaintiff take nothing by reason of this action; that all of Plaintiff's claims against all Defendants be dismissed, with prejudice to the refiling of same, that Defendants have and recover from Plaintiff their defense costs and reasonable attorney's fees under 42 U.S.C. § 1988(c), and that Defendants recover such other and further relief, both special and general, and at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Darrell G-M Noga*
**DARRELL G-M NOGA**
State Bar No. 00785326
dnoga@canteyhanger.com
**MICHAEL J. MERRICK**
State Bar No. 24041474
mmerrick@canteyhanger.com
**KIMBERLY B. HERBERT**
State Bar No. 24076398
kherbert@canteyhanger.com

**CANTEY HANGER LLP**
1999 Bryan Street, Suite 3300
Dallas, Texas 75201-6822
(214) 978-4100 (phone)
(214) 978-4150 (facsimile)
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 8th 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Don Bailey
309 N. Willow
Sherman, Texas 75090

Micah Belden
711 N. Travis
Sherman, Texas 75090

                            */s/ Darrell G-M Noga*_____
                            **DARRELL G-M NOGA**
                            **MICHAEL J. MERRICK**
                            **KIMBERLY B. HERBERT**