THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LINDA SURRATT, individually and as heir and legal representative of the estate of LESA ANN SURRATT | § § § |
| VS. | § CIVIL ACTION NO. 4:14cv338 |
| BRIAN MCCLARAN, ET AL | § |

**MOTION TO COMPEL DISCLOSURE AND DISCOVERY AND CONSIDERATION OF SANCTIONS**

Plaintiff filed the present case on May 25, 2014, and *Jones v. Shivers,* 4:14cv354 the following week. Both cases are against the City of Sherman and Police Officers employed by the City of Sherman for a death and a shooting at the hands of the Officers. The law firm of Canty Hanger LLP with Mr. Darrell Noga as lead counsel and Michael Merrick as associate counsel represented both sets of defendants in both cases with the exception of the City in the *Jones* case. This motion makes no complaint against Mr. Tom Brandt who represents the City in the Jones case because Mr. Brandt seems to understand his obligation under the rules for disclosure and discovery. Because these two cases were often discussed in conjunction with Mr. Noga, this motion is set out with both cases set out so that the Court may understand the extent that Counsel for the Plaintiff has tried to secure disclosure and discovery from Mr. Noga, and the efforts he has gone to a avoid his duty and not provide disclosure or discovery as requested.

On August 4, 2014, Counsel addressed an email to Mr. Noga and Mr. Brandt regarding what plaintiff had available as disclosure in *Jones* in anticipation of a Rule 26(f) conference. Additionally, counsel set out what was expected in disclosure to include personnel records, disciplinary records, electronic communications including internal emails regarding the incident

in question, departmental policy before and after the incident and any specific communications or reports that were created as a result of this incident.[1]

The parties subsequently met at the end of August on both cases and prepared a Rule 26(f) report on both cases. Counsel again noted at the conference what he expected in way of disclosure in light of experience on numerous civil rights cases in the past. Mr. Noga forwarded the basic police reports and videos on both *Surratt* and *Jones* and nothing else. On October 28, 2014, Counsel sent an email to Mr. Merrick noting that the officers training and personnel records had not been forwarded and asking when they would be forwarded so they could be reviewed in relation to a retained expert. Mr. Merrick inquired which case and was informed that it was as to both cases. Mr. Merrick replied on October 29, 2014, that he would get back with counsel. Nothing else was heard.

On December 29, 2014, Mr. Belden requested again the policy and use of force manual for Sherman from Mr. Merrick. What was eventually provided several months later was a policy and use of force manual that was dated in July of 2014, implemented long after this litigation had began and the incidents had occurred.

On January 21, 2015, Counsel began receiving long requests for production and interrogatories from Mr. Noga and company regarding both cases.[2] This was shortly after a motion for summary judgment had been filed by Mr. Noga. Counsel emailed Mr. Noga and told him that a motion to compel disclosure would be forthcoming since he had failed to have the common courtesy to reply to repeated requests within the past three months. Counsel also notified Mr. Noga that he would be seeking sanctions for his continued failure to comply with basic disclosure requirements. Since there was no substantive response other than to reload the

---

[1] The emails supporting each point in this motion are available and will be submitted to the Court upon request.
[2] Counsel notes that in civil rights cases interrogatories and request for production are certainly available but are seldom used and counsel has never had defense counsel in any other case in which he was involved submit such.

basic documents previously provided (police reports and videos) onto a dropbox server, Mr. Belden served interrogatories and requests for production concerning what had been requested since August of 2014, to Mr. Noga. Counsel did not file a motion to compel in January.

Counsel diligently attempted to answer the interrogatories and requests for production that Mr. Noga submitted in both cases. Counsel at the same time was trying to address the summary judgment without ever receiving proper disclosure.

Counsel heard no complaints about what was provided. On March 9, 2015, Mr. Noga submitted his response to interrogatories on *Surratt* and on March 19, 2015, Mr. Noga submitted his response to the request for production and interrogatories in *Jones.* In **both cases, Mr. Noga did not answer a single interrogatory or request for production.** Instead, Mr. Noga made non-sensical objections based on privacy concerns or that the word "identify" was not defined.

Mr. Belden informed Mr. Merrick that a motion to compel would be forthcoming. Mr. Merrick informed Mr. Belden that lead counsel needed to conference with Mr. Noga by telephone. Counsel responded by email noting that most conferences were conducted by email but allowing that he would call Mr. Noga.

On the morning of March 30, 2015, Counsel called Mr. Noga's office and requested to speak with him. Mr. Noga's assistant allowed that he was not available. Counsel notified the assistance that he would be available after 4 p.m. that afternoon and requesting that Mr. Noga call him. Counsel understood from the conversation that Mr. Noga would have the courtesy to call.

On March 30, 2014, Mr. Noga's firm forwarded a response to request for production in the present case. The request for production had sixty items as to each officer which was relevant to what should have been disclosed several months before. Again, nothing was provided other

than objections, assertion of privacy and referencing back to the basic police reports that had previously been provided.

After 4 p.m., Mr. Noga did not call. Counsel again called Mr. Noga's assistant and was informed that he would not be back until the following day. Counsel requested to speak to Mr. Noga in the morning because he had to go to a hospital in Dallas after that due to a family medical issue. After twice being given times late in the morning counsel requested that Mr. Noga call him at 8 a.m.

Mr. Noga began sending emails later in the afternoon stating that counsel had been rude to his assistant and that would not happen again. Counsel explained to Mr. Noga what the difference between rude and having a limited schedule the following day was and setting out the efforts that had been made to get Mr. Noga to comply with discovery and disclosure over the previous seven months. Mr. Noga concluded that he would not be available the following day due to *sensitive schedule* issues but would be available later in the week. Counsel again allowed that he would be available at 8 a.m. and if Mr. Noga could not conference a motion to compel and for sanctions would be forthcoming. Late in the evening , Mr. Noga now allowed that he had problems with what he had received in response to interrogatories and request for production and would be bringing that up.

Counsel did not hear from Mr. Noga at 8 a.m. Counsel attempted to call Mr. Noga's office at 8:10 a.m. but received a recording that the office was closed until 8:30 a.m. Counsel believes he has taken appropriate steps over the past eight months to attempt to give Mr. Noga the opportunity to comply with disclosure and later discovery since he would not comply with disclosure. Nothing has been forthcoming except continued attempts at delay.

In the current case, the defendants have filed a motion for summary judgment in which the response is due on April 7, 2015, less than a week from now. In responding to a motion for summary judgment, Counsel should have the benefit of the defendants' good faith disclosure, answer to interrogatories and request for production. In this case, Mr. Noga and Mr. Merrick have repeatedly refused. Mr. Noga's strategy seems to be to get past the response date for the summary judgment before providing anything beyond the basic documents of the incident. This is in direct contradiction to the duty of discovery and disclosure.

Counsel has received a great deal of correct disclosure from Mr. Brandt in *Jones.* Mr. Brandt requested a protective order and plaintiff eventually agreed after receiving the material. However, with regards to Mr. Noga's firm, counsel has not seen in his years of practicing civil rights law a firm go to such links to avoid disclosure and discovery and is at this point requesting a hearing and the Court's assistance in securing compliance.

If the Court determines that the failure to comply was intentional, Counsel would request the Court to consider appropriate sanctions for the time and effort that has gone into trying to get Mr. Noga to comply with his basic duty to disclose and comply with discovery.

Respectfully submitted,

  /s/*Don Bailey*_____
Don Bailey
Attorney for Linda Surratt
SBN 01520480
309 N. Willow
Sherman, Texas  75090

Certificate of Conference

    This has been an ongoing discovery and disclosure dispute since October of 2014. Counsel, and Mr. Belden, have emailed Mr. Noga and Mr. Merrick on numerous occasions attempting to get the defendants to comply. Counsel has tried three times to get Mr. Noga on the phone for the specific conferencing requirements of Local Rule CV7(h) but the only response he has received is he would be available at a later date. Counsel believes he has fulfilled his obligation to attempt to confer.

                                                                    __/s/*Don Bailey*_____
                                                                      Don Bailey

Certificate of Service

    This motion was delivered via the CM/ECF system to Mr. Noga, defendant's attorney on March 31, 2015.

                                                                      __/s/*Don Bailey*_____
                                                                      Don Bailey